UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMMETT BOWENS,

           Petitioner,

v.                                                Case No. 6:25-cv-00529-JSS-DCI

WARDEN, FMC BUTNER,

           Respondent.
_____/

## ORDER

On May 19, 2025,[1] Petitioner Emmett Bowens filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Petition, Dkt. 5.) Petitioner is a federal pretrial detainee[2] (*id.* at 1) who is currently confined at Federal Medical Center Butner in Butner, North Carolina, and he proceeds in this action pro se.

## BACKGROUND

Petitioner alleges that he is being unlawfully detained "with no evidentiary conviction," that he was improperly arrested without a warrant, and that after he was determined to be incompetent to stand trial, his rights under the "first, sixth, eighth[,]

---

[1] This is the filing date under the "mailbox rule." *See e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (citing Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 275–76 (1988)). The court assumes, "[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Petitioner signed and dated the Petition on May 19, 2025. (Dkt. 5 at 9.)

[2] *See United States v. Bowens*, No. 6:21-cr-00141-RBD-NWH (M.D. Fla.).

and fourteenth amendment[s] were violated on the basis of the rights to freedom of religion and speech[,] to provide a speedy trial[,] to be informed[,] as well as rights to counsel and due process to be heard in a court of law." (Dkt. 5 at 7–8.) Additionally, he claims that "the conditions of [his] confinement have been cruel and unsafe to be incarcerated with convicted felons while being administered the wrong medications and almost losing [his] life." (*Id.* at 8.) Petitioner requests "immediate release" and "full dismissal of all charges." (*Id.*)

## ANALYSIS

Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*[3] requires the court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-CV-7 (HL), 2011 WL 672335, *1 n.2 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152-WSD-SSC, 2010 WL 5476712, at *1 (N.D. Ga. Nov. 29, 2010)).

A pre-trial petition for writ of habeas corpus is properly asserted under Section 2241. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261–62 (11th Cir. 2004). However, a habeas petition "is [not] intended as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914), *abrogation on other grounds*

---

[3] Pursuant to Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts*, Rule 4 may be applied to cases brought under 28 U.S.C. § 2241.

*recognized by Brown v. Davenport*, 596 U.S. 118 (2022). To permit otherwise would allow a defendant to "depart from the regular course of criminal proceedings by securing[,] . . . in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention." *Johnson v. Hoy*, 227 U.S. 245, 247 (1913). *See also Ramirez v. Warden*, No. 21-11397, 2021 WL 5353066, at *1-2 (11th Cir. Nov. 17, 2021) (quoting *Henry*, 235 U.S. at 229) (affirming dismissal of federal pretrial detainee's Section 2241 petition and explaining that the petitioner "is represented by counsel in his criminal cases . . . . If he believes that he has meritorious arguments that his counsel refuses to make on his behalf, he may request the appointment of new counsel . . . . And if 'the objections are sustained or if the defendant is acquitted, he will be discharged. If they are overruled and he is convicted, he has his right of review.'"). Accordingly, "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918).

Petitioner's claims regarding his arrest, his pretrial detention, the assistance of counsel, speedy trial, and due process may all be raised in his criminal case and any subsequent appeal. *See, e.g.*, *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (holding that Section 2241 "is not a proper avenue of relief for federal prisoners awaiting federal trial. And a claim that a case should be dismissed because of the denial of the right to a speedy trial does not justify an exception to that general rule. . . . A defendant can raise his speedy-trial claim by motion before the trial judge."); *Garcon v.*

*Palm Beach Cty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008) ("The claims Garcon sought to raise [(including the alleged invalidity of his indictment, the constitutional propriety of his arrest, and alleged violations of the Speedy Trial Act)] are properly brought during his criminal case and subsequent direct appeal, should he choose to file one. Therefore, the instant petition was premature and was due to be dismissed."); *United States v. Jones*, No. 1:05-CR-617-WSD, 2007 WL 2187400, at *2 (N.D. Ga. Jul. 23, 2007) (collecting cases) ("A federal pretrial detainee who seeks to challenge a detention order through a [Section] 2241 habeas petition must first exhaust his remedies provided under [18 U.S.C.] § 3145.").

Additionally, Petitioner's claims about the allegedly cruel and unsafe conditions of his confinement are not cognizable in a Section 2241 action; they must, instead, be brought under 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to [Section] 1983 in the first instance."); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [Section] 1983 action." (internal citation omitted)). As Petitioner's claims must either be raised in his federal criminal case or in a civil rights action under Section 1983, the Petition plainly reveals that relief is not warranted in this case.

Regarding a certificate of appealability, the court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see Lamarca*, 568 F.3d at 934. Petitioner has made no such showing here.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Petition (Dkt. 5) is **DISMISSED without prejudice**.

2. Petitioner is **DENIED** a certificate of appealability for failure to make a substantial showing of the denial of a constitutional right.

3. The Clerk is **DIRECTED** to close this case.

**ORDERED** in Orlando, Florida on June 18, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party